

# THE ATTORNEY GENERAL
## OF TEXAS

**Gerald C. Mann**
~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. C-2675

Re: Extent of discretion of County
° Board of School Trustees under
Article 2742j, Vernon's Texas
Civil Statutes.

We are in receipt of your letter of August 22, 1940, requesting the opinion of this department which reads as follows:

"At the request of Mr. H. Oliver, Superintendent of the Van Horn Schools, I am asking your interpretation of Article 2742j, Section 1, of the Revised Civil Statutes, which provides for the incorporation of common school district by the county board.

"Does the county board of trustees have discretionary power in ordering the incorporation of a common school district or is it mandatory that they incorporate the common school district after they have been presented with such evidence to show that the school district in question will be financially able to carry on high school work at a reasonable per capita cost and conduct their business in a more efficient manner as a independent school district?"

Article 2742j, Section 1, Vernon's Texas Civil Statutes (Acts 1930, 41st Leg., 5th C. S., p. 117, ch. 5) provides as follows:

"Sec. 1. Whenever a majority of the legally qualified property tax paying voters, together with a majority of the trustees residing in a common school district, petition the county board of trustees to incorporate the said

common school district into an independent school district for school purposes only and furnish the said county board of trustees with sufficient evidence that the said district, when so incorporated, will be financially able to carry on high school work at a reasonable cost per capita, the county board of trustees may pass an order incorporating the said district and shall appoint a board of trustees of seven members to serve until the next regular election of school district trustees, as prescribed by general law. At the next regular election of school trustees, the said incorporated district shall elect a board of seven trustees, as prescribed by general law, who shall serve for such term as is now provided by the general school law or as may be hereafter provided. An independent school district incorporated under the provisions of this Act shall have all the rights and privileges of independent school districts incorporated by general law."

Words of permissive or mandatory character will ordinarily be given their natural effect but the words "may" and "shall" are frequently used interchangeably, and the use of one or the other of these words in a statute is not conclusive of the question whether it should be construed as mandatory or discretionary. 39 Tex. Jur. p. 34. In Mitchell vs. Hancock (T. C. A. 1917) 196 S. W. 694 it is stated:

"It will be conceded we feel sure that the ordinary meaning of 'shall' or 'must' is of mandatory effect, and that the ordinary meaning of 'may' is merely permissive in character. Indeed, it has been said that the word 'may' means 'must' only in those cases where the third persons or the public have an interest in having the act done or have a claim de jure that the power shall be exercised."

The rule is stated in 59 Corpus Juris, p. 1076 as follows:

"Statutes which confer upon a public body or officer power to act for the sake of justice, or which clothe a public body or officer with power to perform acts which concern the public interest or the rights of individuals, are generally regarded as mandatory, although the language is permissive

merely, since they are construed as imposing duties rather than conferring privileges. On the other hand, where statutes are purely enabling in character, simply making that legal and possible which otherwise there would be no authority to do, and no public interest in private rights are involved, they will be construed as permissive."

At page 1082 of this same work the following rule is given:

"A mandatory construction will usually be given the word 'may' where public interests are concerned, and the public or third persons have a claim de jure that the power conferred shall be exercised, or whenever something is directed to be done for the sake of justice or the public good; but never for the purpose of creating a right."

Under the proper construction of the above quoted statute it is our opinion that when the County Board of School Trustees has made the findings therein required, pursuant to a petition presented in conformity with the provisions of the above quoted statute, it becomes its duty to enter an order incorporating the district; however, we think it only proper to point out that the County Board has a wide discretion in making its finding and determining whether "sufficient evidence" has been presented that the district will be able to carry on high school work at a "reasonable cost" per capita.

APPROVED AUG. 30, 1940                     Yours very truly

                                          ATTORNEY GENERAL OF TEXAS

Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL            By      /s/ Cecil C. Cammack
                                    Cecil C. Cammack
                                          Assistant

CCC:rw:ds

                                    APPROVED OPINION COMMITTEE
                                    BY    BWB
                                          Chairman